# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

VALENTINA DE LOS ANGELES
TIAPA MORENO,

    Petitioner,

v.

PAMELA BONDI, in her capacity as Attorney General of the United States; KRISTI NOEM, in her capacity as Secretary of Homeland Security; TODD LYONS, in his official capacity as Director of U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director of Enforcement and Removal Operations, El Paso Field Office, Immigration and Customs Enforcement; and DORA CASTRO, in her official capacity as Warden of the Otero County Processing Center

    Respondents.

Case No. 2:26-cv-00273-MIS-DLM

## ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court on Petitioner Valentina De Los Angeles Tiapa Moreno's Verified Emergency Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed February 4, 2026. Petitioner is a citizen of Venezuela who came to the United States as an unaccompanied child when she was 17 years old. Id. ¶ 3. When she arrived, Petitioner presented herself to immigration officials at the border, pursuant to 6 U.S.C. §279(g)(2), and was taken into a humanitarian shelter. Id. ¶ 4. Shortly thereafter, immigration officials released Petitioner to the care of her legal guardian in Minnesota, finding that Petitioner was neither dangerous nor a flight risk. Id. Petitioner has no criminal history and has resided in Minnesota for the last two years while complying with all lawful orders with respect to her immigration status. Id. ¶¶ 3-4.

On January 14, 2026, Petitioner was taken into ICE custody while at home with her one-year-old child and extended family. Id. ¶ 14. Because Petitioner was a material witness to a criminal investigation, the Minnesota Bureau of Criminal Apprehension agreed to sponsor Petitioner for a U Visa. Id. ¶¶ 14-16. On February 3, 2026, United States District Judge Paul A. Magnuson enjoined the United States from removing any material witness, including Petitioner, from the United States. Id. ¶ 16. Petitioner was originally taken into immigration detention in Saint Paul, Minnesota and then transferred to a detention center in El Paso, Texas, before being transferred to Otero Processing Center in the District of New Mexico. Id. ¶¶ 13, 17. Respondents are purporting to detain Petitioner pursuant to 8 U.S.C. § 1225(b)(2), a statute that requires mandatory detention for "arriving aliens" who are "seeking admission" before an "examining immigration officer" at the border or port of entry. Id. ¶ 24.

On February 4, 2026, Petitioner filed the instant Petition requesting a writ of habeas corpus requiring that Respondents immediately release her subject to the same terms as her original release from immigration custody when she first arrived in the country and return her to Minnesota. Id.

The record reflects that the Clerk's Office served Respondents with the Petition February 4, 2026, pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).

**IT IS HEREBY ORDERED** that within **ten (10) business days** of receiving this Order, the United States Attorney's Office for the District of New Mexico shall respond to the Petition and **SHOW CAUSE** why the requested relief should not be granted. **If the federal Respondents**

**fail to timely comply with this Order, the Court may grant the relief requested in the Petition without further notice.**

If Petitioner wishes to file a reply brief, he may do so within **ten (10) days** after Respondents' response is filed.

**IT IS FURTHER ORDERED** that Respondents have until <u>1 pm on February 5, 2026,</u> to show cause why they should not be preliminarily enjoined from transferring petitioner out of the District.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE