IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VALENTINA DE LOS ANGELES
TIAPA MORENO,

      Petitioner,

v.

PAMELA BONDI, in her official capacity as Attorney General of the United States; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; TODD LYONS, in his official capacity as Director of U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director of Enforcement and Removal Operations, El Paso Field Office, Immigration and Customs Enforcement; and DORA CASTRO, in her official capacity as Warden of the Otero County Processing Center

      Respondents.

Case No. 2:26-cv-00273-MIS-DLM

## ORDER ENJOINING TRANSFER

**THIS MATTER** is before the Court on Petitioner Valentina De Los Angeles Tiapa Moreno's Verified Emergency Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed February 4, 2026. The Court issued an Order to Show Cause that same day, ECF No. 7, directing Respondents they had until 1:00 pm February 5, 2026, to show cause why they should not be preliminarily enjoined from transferring petitioner out of the District during the pendency of these habeas proceedings. The federal respondents filed their Response on Feb. 5, 2026, ECF No. 11, stating "Respondents do not have any information to provide to the Court as to why they should not be preliminarily enjoined from transferring petitioner out of the District during the pendency of the underlying habeas case."

Upon review of the Petition, the record, and the relevant law, the Court finds that Petitioner has demonstrated a likelihood of success on the merits of her claims, that she will suffer irreparable harm in the absence of this injunctive relief, and that the balance of equities and public interest weigh in her favor. Accordingly, it is **HEREBY ORDERED** that:

1. Respondents are **ENJOINED** from transferring Petitioner to any facility outside the District of New Mexico during the pendency of this habeas action;

2. Respondents and their agents are **FURTHER ENJOINED** from removing or transferring Petitioner outside the United States while this habeas action is pending;

3. This Order shall remain in effect until further order of the Court, and the Court retains jurisdiction to enforce and modify this Order as appropriate.

4. This Order shall remain in effect irrespective of the outcome of Petitioner's February 6, 2026, Immigration Court appearance.

and

5. Counsel for Respondents shall immediately notify Respondents and officials with the authority to carry out Petitioner's removal to ensure their knowledge and understanding of the Court's order, and that failure to comply with this order may result in sanctions.

The Court will not impose a bond requirement at this time. See Fed. R. Civ. P. 65(c); RoDa Drilling Co. v. Siegal, 552 F.3d 1203, 1215 (10th Cir. 2009).

*[Signature: Margaret Strickland]*

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE