IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VALENTINA DE LOS ANGELES
TIAPA MORENO,

      Petitioner,

v.

PAMELA BONDI, in her official capacity as Attorney General of the United States; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; TODD LYONS, in his official capacity as Director of U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director of Enforcement and Removal Operations, El Paso Field Office, Immigration and Customs Enforcement; and DORA CASTRO, in her official capacity as Warden of the Otero County Processing Center,

      Respondents.

Case No. 2:26-cv-00273-MIS-DLM

## INTERIM ORDER GRANTING PETITIONER'S IMMEDIATE RELEASE PENDING RESOLUTION OF THE HABEAS PETITION

**THIS MATTER** is before the Court following a status conference on Petitioner Valentina De Los Angeles Tiapa Moreno's Verified Emergency Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed February 4, 2026; and Petitioner's Supplement to the Verified Emergency Petition ("Supplement"), ECF No. 12, filed February 5, 2026. The Supplement represents that last night, Petitioner's Son "was badly burned…is now scheduled for emergency surgery for second and third degree burns tomorrow, and is expected to be hospitalized for 2-3 weeks." Supp. at 1.

At the status conference, Counsel for all parties appeared and Petitioner's Counsel moved for a Temporary Restraining Order requiring Petitioner's immediate release. After hearing from Respondents' counsel, the Court granted the Motion and ordered Petitioner's immediate release.

The Court adopts its *ore tenus* order granting the oral motion for a Temporary Restraining Order and ordered release as supplemented herein. This Order solely resolves the question of whether Petitioner should be immediately released pending the full and final resolution of her habeas petition.

Upon review of the Petition, the record, and the relevant law, the Court finds that Petitioner has demonstrated a likelihood of success on the merits of her 5th Amendment Due Process claim, that she will suffer irreparable harm in the absence of this injunctive relief, and that the balance of equities and public interest weigh in her favor. The fact that Petitioner first entered this country as an unaccompanied child and lawfully presented herself to immigration officials pursuant to 6 U.S.C. § 279(g)(2) under a separate statutory scheme created by Congress to provide additional protections for noncitizen children,[1] supports Petitioner's assertion that it would be improper to classify her as an arriving noncitizen subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Having established a substantial likelihood of success on the merits of her constitutional claim, Petitioner has <u>a fortiori</u> established a substantial likelihood of irreparable injury. <u>Free the Nipple-Fort Collins v. City of Fort Collins, Colo.</u>, 916 F.3d 792, 806 (10th Cir. 2019) (noting "that well-settled law supports the constitutional-violation-as-irreparable-injury principle" and that "in the context of constitutional claims, the principle collapses the first and second preliminary-injunction factors, equating likelihood of success on the merits with a demonstration of irreparable injury"). Moreover, the balance of equities favor Petitioner as the

---

[1] <u>See</u> Trafficking Victims Protection Reauthorization Act of 2008 codified as 8 U.S.C. § 1232.

absolute deprivation of Petitioner's liberty is among the highest conceivable interests. The Petitioner's rights as a parent to control her child's healthcare during a medical emergency further tips the balance of equities in her favor, while Petitioner's continued detention without an opportunity to be heard and her inability to support her child during a medical emergency undoubtedly present a strong risk of irreparable harm. In contrast, the government does not possess a compelling interest in detaining an individual contrary to law, nor do they suffer irreparable harm by releasing Petitioner under effectively the same restrictions she possessed when Respondents welcomed her into this country as an unaccompanied child. Pet. ¶¶ 3-4.

Alternatively, the Court orders Petitioner's release pursuant to its inherent authority. "Despite the lack of specific statutory authority, it is within the inherent power of a federal district court to enlarge a state prisoner on bond, pending hearing and decision on a petition for habeas relief." Pfaff v. Wells, 648 F.2d 689, 693 (10th Cir. 1981) (2254 habeas case about extradition to State where convictions had been affirmed on direct appeal). "However, a showing of exceptional circumstances must be made for such relief, or a demonstration of a clear case on the merits of the habeas petition." Id. (emphasis added). The Tenth Circuit has applied the Pfaff exceptional circumstances standard in a section 2241 habeas proceeding. See Stow v. Perrill, No. 94-1282, 1994 WL 377629, at *1 (10th Cir. 1994).

The Court finds that Petitioner has demonstrated a clear case on the merits of the habeas petition to warrant relief. The record shows that Petitioner is not a danger to the community or a risk of flight, and Respondents have not offered any evidence or argument to the contrary. In fact, the record before the Court demonstrates that Respondents previously determined that Petitioner posed neither a danger to the community or a flight risk when she first arrived in the country and presented herself to an immigration official as an unaccompanied child, pursuant to 6 U.S.C. §

279(g)(2) in March of 2024. Pet. ¶ 4. In the time since, Petitioner has amassed no criminal record, and the Minnesota Bureau of Criminal Apprehension has identified her as a potential material witness worthy of U Visa sponsorship. Pet. ¶¶ 14-15. As such, the Court finds under Pfaff, and Stow that it has the inherent authority to order immediate release from custody as interim relief.

IT IS **THEREFORE ORDERED** that:

1. Petitioner's request for immediate release pending resolution of her habeas petition in this case is **GRANTED.**

2. Respondents **SHALL RELEASE** Petitioner from detention at the Otero County Processing Center no later than 2:00 p.m. MT on February 5, 2026.

3. The Court **GRANTS** Petitioner permission to travel back to her previous state of residence, Minnesota.

4. No later than February 5, 2026, at 2:00 p.m. MT, Respondents **SHALL RETURN** all personal belongings to Petitioner and provide her with all necessary documents sufficient to board and travel by commercial domestic air. This includes, but is not limited to, Petitioner's identification card and a DHS form authorizing Petitioner's travel by commercial domestic air.

5. Respondents are further **ORDERED** to alert TSA to Petitioner's pending travel plans no later than 3:00 p.m. MT.

6. Respondents' Counsel, Allison Shokes and Tina Gooch, are directed to inform Respondents of this Court's Order and assist Respondents in facilitating Petitioner's return to Minnesota.

7. Respondents are further **ORDERED** that they are prohibited from re-detaining Petitioner without providing her meaningful pre-detention process.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE