IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VALENTINA DE LOS ANGELES
TIAPA MORENO,

      Petitioner,

v.

PAMELA BONDI, in her official capacity as Attorney General of the United States; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; TODD LYONS, in his official capacity as Director of U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director of Enforcement and Removal Operations, El Paso Field Office, Immigration and Customs Enforcement; and DORA CASTRO, in her official capacity as Warden of the Otero County Processing Center,

      Respondents.

Case No. 2:26-cv-00273-MIS-DLM

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner Valentina De Los Angeles Tiapa Moreno's Verified Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed February 4, 2026; and Petitioner's Supplement to the Verified Petition ("Supplement"), ECF No. 12, filed February 5, 2026. The Court held a Status Conference regarding the Petition on February 5, 2026, ECF No. 17, at which Counsel for all parties appeared and Petitioner's Counsel moved for a Temporary Restraining Order requiring Petitioner's immediate release. After hearing from Respondents' counsel, the Court granted the Motion and ordered Petitioner's immediate release pending the full and final resolution of her habeas petition. ECF No. 14.

Respondents Pamela Bondi, Kristi Noem, Toddy Lyons and Mary De Anda-Ybarra ("Federal Respondents") filed a Response to the Petition on February 18, 2026, ECF No. 20.

Respondent Dora Castro, Warden of the Otero County Processing Center, filed a Notice of Compliance on February 5, 2026, ECF No. 16, in which she notified the Court that she "takes no positions separate from the USA Respondents related to the Petition." Petitioner filed a Reply in Support of the Petition on February 20, 2026. ECF No. 21. Upon review of the Petition, the record, and the relevant law, the Court finds that Valentina De Los Angeles Tiapa Moreno's Verified Petition for Writ of Habeas Corpus shall be **GRANTED.**

Counsel for the federal Respondents acknowledges the facts of this case are "substantially similar" to Duhan v. Noem, No. 2:26-CV-00019-MIS-JFR, 2026 WL 74195 (D.N.M. Jan. 9, 2026), and concede that "the Court's decision in Duhan v. Noem, would control here if the Court adheres to that decision, as the facts are not materially distinguishable.…" Resp. at 2, ECF No. 20. Counsel did not distinguish this case from other cases involving the detention of noncitizens already present in the United States—as opposed to noncitizens detained at a border crossing or port of entry—but argued that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Id. at 1-2.

Ultimately, the Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, her prior detention without a bond hearing violated her Fifth Amendment right to due process, and, as such, she is entitled to habeas relief with respect to the full and final resolution of her habeas petition. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's detention and therefore

orders that she shall remain free from Respondents' custody. See generally Resp., ECF No. 20. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order and to entertain any motions for attorneys' fees.

Accordingly, it is **HEREBY ORDERED** that:

1. Petitioner Valentina De Los Angeles Tiapa Moreno's Verified Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Petitioner is to remain free from the custody of Respondents without restraints beyond those that existed before her unlawful detention;

3. Respondents **SHALL NOT** re-detain Petitioner absent a material change in circumstances; and if circumstances change, Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and

4. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

*Margaret Strickland*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE