## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

VALENTINA DE LOS ANGELES TIAPA
MORENO,

        Petitioner,

v.

PAMELA BONDI, in her official capacity as
Attorney General of the United States;
KRISTI NOEM, in her official capacity as
Secretary of Homeland Security; TODD
LYONS, in his official capacity as Director
of U.S. Immigration and Customs
Enforcement; U.S. DEPARTMENT OF
HOMELAND SECURITY; U.S.
IMMIGRATION AND CUSTOMS
ENFORCEMENT; MARY DE ANDA-
YBARRA, in her official capacity as Field
Office Director of the El Paso Field Office of
U.S. Immigration and Customs Enforcement,
Enforcement and Removal Operations; and
DORA CASTRO, in her official capacity as
Warden of the Otero County Processing
Center,

        Respondents.

Case No. 2:26-cv-00273-MIS-DLM

### ORDER GRANTING MOTION FOR ADDITIONAL RELIEF

        THIS MATTER is before the Court on Petitioner Valentina De Los Angeles Tiapa
Moreno's Motion for Additional Relief ("Motion"), ECF No. 24, filed February 25, 2026. The
federal Respondents filed a Response on February 27, 2026 ("Response"). ECF No. 27. Upon
review of the Parties' submissions, the Court will **GRANT** the Motion.

        On February 23, 2026, the Court granted Petitioner's Verified Petition for Writ of Habeas
Corpus and ordered that "Petitioner is to remain free from the custody of Respondents without
restraints beyond those that existed before her unlawful detention" ("Order"). ECF No. 22 at 3.

Before releasing Petitioner from custody,[1] Respondents required Petitioner to sign an Order of Release on Recognizance that requires Petitioner to present to a "Duty Officer" in Minnesota on March 10, 2026.  ECF No. 24 at 2.  Petitioner argues that pursuant to the Court's February 23, 2026 Order, Respondents have no authority to impose such a condition on her release.  Id. at 2-3. She asks the Court to "strike the Release Form from the record and negate the unlawful conditions Respondents have attempted to interpose on Petitioner's 'immediate release' in violation of this Court's Order Granting Petition for Habeas Corpus."  Id. at 3.

In their Response, the federal Respondents "acknowledge that no conditions of release or reporting requirements existed at the time the Court granted the Petitioner's writ of habeas corpus and that the Order of Release on Recognizance should be rescinded."  ECF No. 27 at 2.

Accordingly, it is **HEREBY ORDERED** that:

1.    Petitioner's Motion for Additional Relief, ECF No. 24, is **GRANTED**;

2.    The Order of Release on Recognizance dated February 5, 2026, ECF No. 24-2, is **NULLIFIED**; and

3.    The hearing scheduled for March 3, 2026 is **VACATED**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

---

[1]    Respondents released Petitioner on February 5, 2026, pursuant to the Court's Interim Order Granting Petitioner's Immediate Release Pending Resolution of the Habeas Petition.  ECF No. 14.